PHILLIP A. TALBERT
Acting United States Attorney
TODD A. PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
NOV 0 3 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CLAUDIA HUMPHREY,<br><br>    Defendant. | CASE NO. 2:16-CR-0210 TLN<br><br>18 U.S.C. § 641 – Theft of Public Money (10 Counts); 18 U.S.C. § 1516 – Obstruction of Federal Audit; 18 U.S.C. § 1519 – Alteration or Falsification of Records in Federal Investigation (5 Counts); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

# INDICTMENT

COUNTS ONE THROUGH TEN: [18 U.S.C. § 641 – Theft of Public Money]

The Grand Jury charges:

CLAUDIA HUMPHREY,

defendant herein, as follows:

I.    PARTIES AND ENTITIES

At all relevant times,

1.    CLAUDIA HUMPHREY was a resident of Solano County, California, and was the executive director of LIFT3 Support Group, Incorporated ("LIFT3").

2.    Person One was an immediate family member of CLAUDIA HUMPHREY.

3.    LIFT3 was a non-profit California organization established in 2004 by HUMPHREY and others. LIFT3 was based in Fairfield, Solano County, California. Its mission was to offer transitional

1  shelter assistance and other services to victims of sexual assault, domestic violence, and dating violence,
2  primarily serving residents in Solano County, California.

3      4.    The United States Department of Justice ("DOJ"), Office on Violence Against Women
4  ("OVW"), administered financial and technical assistance to communities throughout the United States
5  that were developing programs, policies, and practices aimed at ending domestic violence, dating
6  violence, sexual assault, and stalking. OVW provided grant funds for transitional housing, pursuant to
7  42 U.S.C. § 13975, and for culturally-specific services, pursuant to 42 U.S.C. § 14045a, for such
8  victims.

9      5.    In order to obtain OVW grant funds, an applicant was required to submit an application
10 to OVW setting forth the proposed use of the grant funds. OVW also required a budget identifying any
11 positions within the organization that would be supported by the grant funds, including the job
12 responsibilities of grant-funded staff and the amount of grant funds that would be used to support those
13 positions, and any other activities or items for which grant funds would be spent, such as travel,
14 equipment, supplies, and other costs. Applicants were also required to submit disclosures and
15 attestations with respect to their compliance with DOJ and other federal regulations.

16     6.    If OVW accepted an application, it would issue an award setting forth the amount of the
17 grant and all conditions governing the use of the grant funds, including compliance with OVW's
18 Financial Grant Management Guide and the DOJ Office of Justice Programs Financial Guide. OVW
19 required an official from the recipient organization to sign the award and acknowledge all of the
20 conditions.

21     7.    Thereafter, OVW would make the awarded funds available to be drawn down by the
22 grant recipient through the Grant Payment System ("GPRS"), an on-line system. A grant recipient
23 would register with the system, which would generate a log-in and password associated with the
24 recipient. Using this identification, the recipient could register a bank account into which OVW grant
25 funds would be electronically transferred via the Automated Clearinghouse ("ACH"). Using the GPRS
26 system, the recipient could cause money to be electronically drawn down from an OVW account
27 established with the United States Treasury and, through ACH, deposited into the recipient's bank
28 account in the amounts denominated by the recipient, not to exceed the total amount of the grant. OVW

1  required recipients to keep financial documentation supporting the drawdowns and use of OVW grant
2  funds and required that the recipients track and account for funds separately from any other grants
3  awards by OVW or any other federal agency.

## II. WAYS AND MEANS

To further the scheme, defendant CLAUDIA HUMPHREY, did the following things, among others:

8. On or about March 17, 2011, HUMPHREY, through LIFT3, applied for a transitional housing grant through OVW. The application sought a total of $250,000 for a three-year period to pay for services to assist victims of domestic violence, sexual assault, dating violence, and stalking in obtaining temporary or transitional housing. The budget identified two positions that would be funded, including approximately $61,000 to pay for HUMPHREY's salary over a three-year period based on HUMPHREY working 10 hours per week as the executive director of LIFT3.

9. On or about September 15, 2011, OVW awarded a transitional housing grant to LIFT3 in the amount of $250,000 for the period of October 1, 2011 to September 30, 2014. The award contained conditions requiring LIFT3 to comply with financial and administrative requirements, including rules that prohibited recipients from using grant funds to pay immediate family members without prior approval from OVW, and to create policies that prevented conflicts of interest, including the involvement of immediate family members in the administration of federal grant funds. The award also required that the grant funds only be used for the purposes set forth in the recipient's grant application.

10. On or about September 20, 2011, HUMPHREY signed the $250,000 OVW grant award as the authorized official on behalf of LIFT3, and acknowledged all of the conditions of the grant.

11. On or about November 5, 2011, HUMPHREY enrolled the bank account ending 0641 with the ACH to receive electronic funds transfers from the United States Treasury. HUMPHREY was the only employee at LIFT3 designated with a login to access the GPRS program to electronically draw down money. HUMPHREY and Person One were signatories and had control and access to the money in the bank account ending 0641.

12. Thereafter, between November 2011 and October 2012, HUMPHREY logged into GPRS and caused over $113,000 in OVW grants funds to be drawn down from the United States Treasury and

1  deposited into the bank account ending 0641 controlled by HUMPHREY and Person One.

2  13.     On or about March 27, 2012, HUMPHREY, through LIFT3, submitted an application for
3  a culturally-specific services program ("CLSSP") grant from OVW. The application sought a total of
4  $300,000 to be used to provide various social and financial services for African-American victims of
5  domestic violence, sexual assault, dating violence, and stalking in seeking access to services. The
6  budget identified three positions that would be funded under the grant, including $41,122 to pay for
7  HUMPHREY's salary over a two-year period based on HUMPHREY working 10 hours per week as the
8  executive director of LIFT3.

9  14.     On or about September 20, 2012, OVW awarded a CLSSP grant to LIFT3 in the amount
10 of $297,000 for the period of October 1, 2012 to September 30, 2014. The award contained conditions
11 requiring LIFT3 to comply with financial and administrative requirements, including rules that
12 prohibited recipients from using grant funds to pay immediate family members without prior approval
13 from OVW, and to create policies that prevented conflicts of interest, including the involvement of
14 immediate family members in the administration of federal grant funds. The award also required that
15 the grant funds only be used for the purposes set forth in the recipient's grant application.

16 15.     On or about September 28, 2012, HUMPHREY signed the $297,000 OVW grant award
17 as the authorized official on behalf of LIFT3, and acknowledged all of the conditions of the grant.

18 16.     On or about October 16, 2012, HUMPHREY enrolled the bank account ending 3646 with
19 the ACH to receive electronic funds transfers from United States Treasury. HUMPHREY and Person
20 One were signatories and had control and access to the money in account ending 3646.

21 17.     Thereafter, between November 2012 and August 2013, HUMPHREY logged into GPRS
22 and caused over $161,000 in OVW grants funds to be drawn down from the United States Treasury and
23 deposited into the bank account ending 3646 controlled by HUMPHREY and Person One.

24 18.     In total, HUMPHREY caused over $274,000 in OVW grant funds to be drawn down
25 from the United States Treasury and deposited into bank accounts controlled by HUMPHREY and
26 Person One in violation of the grant awards preventing family members to have control or access of
27 DOJ grant funds.

28

19. As the director of LIFT3, HUMPHREY withdrew or caused to be withdrawn OVW grant funds out of or from bank accounts ending 0641 and 3646, including cash, checks, and personal debit card expenditures drawn against the accounts. HUMPHREY also caused OVW grant funds to be transferred from bank accounts ending 0641 and 3646 into other bank accounts controlled by HUMPHREY and Person One, including accounts ending 0021 and 2591. These withdrawals and transfers included expenditure of OVW grant money to pay immediate family members of HUMPHREY in violation of the conditions of the grant. HUMPHREY also used OVW grant funds for personal expenses and personal travel not authorized by the grant award. The total amount of money misappropriated by HUMPHREY was at least $53,000.

### III. THEFT OF PUBLIC FUNDS

20. On or about the following dates in the County of Solano, State and Eastern District of California, and elsewhere, CLAUDIA HUMPHREY did willfully and knowingly embezzle, steal, and convert to her own use and for the use of another the money and property of the United States, specifically OVW grant funds, in the following amounts, which in aggregate exceed $1,000:

| Count | Date (on or about) | Money or Property |
|---|---|---|
| 1. | November 18, 2011 | Check in the amount of $2,400 from bank account ending 0641 |
| 2. | March 4, 2012 | Check written to cash in the amount of $2,150.00 from bank account ending 0021 |
| 3. | May 3, 2012 | Cash withdrawal in the amount of $2,500.00 from bank account ending 0641 |
| 4. | August 24, 2012 | Check in the amount of $1,519.58 from bank account ending 0021 |

INDICTMENT            5

| | | |
|---|---|---|
| 5. | November 16, 2012 | Check in the amount of $1,519.59 from bank account ending 0021 |
| 6. | March 22, 2013 | Check in the amount of $1,490.39 from bank account ending 0021 |
| 7. | April 5, 2013 | Check in the amount of $1,490.39 from bank account ending 0021 |
| 8. | July 5, 2013 | Check in the amount of $5,550.00 from bank account ending 2591 |
| 9. | July 6, 2013 | Cash withdrawal in the amount of $1,500.00 from bank account ending 3646 |
| 10. | July 11- July 12, 2013 | Debit card transactions totaling $1,168.28 in Las Vegas, Nevada from bank accounts ending 0021 and 2591 |

All in violation of Title 18, United States Code, Sections 2 and 641.

COUNT 11: [18 U.S.C. § 1516 – Obstruction of Federal Audit]

    The Grand Jury further charges: T H A T

                  CLAUDIA HUMPHREY,

defendant herein, in the County of Solano, State and Eastern District of California, and elsewhere, between in or about October 2014 through in or about August 2015, with intent to deceive and defraud the United States, endeavored to influence, obstruct, and impede a Federal auditor in the performance of official duties relating to LIFT3 Support Group, Inc., which was receiving in excess of $100,000, directly and indirectly, from the United States in both of the one-year periods from November 2011 to October 2012 (pursuant to the Department of Justice, Office of Violence Against Women grants for transitional housing authorized under 42 U.S.C. § 13975) and from November 2012 through October

INDICTMENT                    6

2013 (pursuant to the Department of Justice, Office of Violence Against Women grants for culturally-specific services, pursuant to 42 U.S.C. § 14045a), all in violation of Title 18, United States Code, Sections 2 and 1516.

COUNT 12: [18 U.S.C. § 1519 – Alteration or Falsification of Records in Federal Investigation]

    The Grand Jury further charges: T H A T

CLAUDIA HUMPHREY,

defendant herein, in the County of Solano, State and Eastern District of California, and elsewhere, on or about August 20, 2013, did knowingly alter, falsify, and make a false entry in a document showing expenditure of money for purchase of computers, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Department of Justice, Office of Violence Against Women, a department and agency of the United States, and in relation to and contemplation of any such matter, in violation of Title 18, United States Code, Sections 2 and 1519.

COUNT 13: [18 U.S.C. § 1519 – Alteration or Falsification of Records in Federal Investigation]

    The Grand Jury further charges: T H A T

CLAUDIA HUMPHREY,

defendant herein, in the County of Solano, State and Eastern District of California, and elsewhere, on or about April 15, 2014, did knowingly alter, falsify, and make a false entry in expense ledgers, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Department of Justice, Office of Violence Against Women, a department and agency of the United States, and in relation to and contemplation of any such matter, in violation of Title 18, United States Code, Sections 2 and 1519.

COUNT 14: [18 U.S.C. § 1519 – Alteration or Falsification of Records in Federal Investigation]

    The Grand Jury further charges: T H A T

CLAUDIA HUMPHREY,

defendant herein, in the County of Solano, State and Eastern District of California, and elsewhere, on or

1 about January 13, 2015, did knowingly alter, falsify, and make a false entry in a time sheet with the
2 intent to impede, obstruct, and influence the investigation and proper administration of a matter within
3 the jurisdiction of the Department of Justice, Office of Violence Against Women, a department and
4 agency of the United States, and in relation to and contemplation of any such matter, in violation of Title
5 18, United States Code, Sections 2 and 1519.

6

7 COUNT 15: [18 U.S.C. § 1519 – Alteration or Falsification of Records in Federal Investigation]
8     The Grand Jury further charges: T H A T
9                 CLAUDIA HUMPHREY,
10 defendant herein, in the County of Solano, State and Eastern District of California, and elsewhere, on or
11 about January 13, 2015, did knowingly alter, falsify, and make a false entry in a time sheet with the
12 intent to impede, obstruct, and influence the investigation and proper administration of a matter within
13 the jurisdiction of the Department of Justice, Office of Violence Against Women, a department and
14 agency of the United States, and in relation to and contemplation of any such matter, in violation of Title
15 18, United States Code, Sections 2 and 1519.

16

17 COUNT 16: [18 U.S.C. § 1519 – Alteration or Falsification of Records in Federal Investigation]
18     The Grand Jury further charges: T H A T
19                 CLAUDIA HUMPHREY,
20 defendant herein, in the County of Solano, State and Eastern District of California, and elsewhere, on or
21 about January 13, 2015, did knowingly alter, falsify, and make a false entry in a time sheet, with the
22 intent to impede, obstruct, and influence the investigation and proper administration of a matter within
23 the jurisdiction of the Department of Justice, Office of Violence Against Women, a department and
24 agency of the United States, or in relation to or contemplation of any such matter, in violation of Title
25 18, United States Code, Sections 2 and 1519.
26 ///
27 ///
28 ///

**FORFEITURE ALLEGATION:** [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Ten of this Indictment, defendant CLAUDIA HUMPHREY shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to a sum of money equal to the total amount of money involved in the offenses, for which the defendant is convicted.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Ten, for which the defendant is convicted:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

PHILLIP A. TALBERT
Acting United States Attorney

INDICTMENT                                9

*No.* _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
*vs.*

CLAUDIA HUMPHREY

## I N D I C T M E N T

**VIOLATIONS:** 18 U.S.C. § 641 – Theft of Public Money (10 Counts);
18 U.S.C. § 1516 – Obstruction of Federal Audit;
18 U.S.C. § 1519 – Alteration or Falsification of Records in Federal Investigation (4 Counts);
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

**/s/ Signature on file w/AUSA**
-----------------------------------
*Foreman.*

*Filed in open court this* _____ 3 _____ *day*
*of* NOVEMBER _____, A.D. 2016
-----------------------------------
*Clerk.*

*Bail, $* _____                Summons to issue
                                          an Che

GPO 863 525

## United States v. Claudia Humphrey
### Penalties for Indictment

**Defendant**
**CLAUDIA HUMPHREY**

### COUNTS 1-10:

VIOLATION: 18 U.S.C. § 641 – Theft of Public Money

PENALTIES: Maximum of 10 years' imprisonment; or
Fine of up to $250,000 or twice the gross gain or gross loss; or both fine and imprisonment
Supervised release of no more than 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNT 11:

VIOLATION: 18 U.S.C. § 1516 – Obstruction of Federal Audit

PENALTIES: Maximum of 5 years' imprisonment; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of no more than 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### COUNTS 12-16:

VIOLATION: 18 U.S.C. § 1519 – Falsification of Records in Federal Investigation

PENALTIES: Maximum of 20 years' imprisonment; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of no more than 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

PENALTIES: As stated in the charging document